UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD L. DURDEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-554-WTL-TAB |
| | ) | |
| SEMAFORE PHARMACEUTICALS, et al., | ) | |
|     Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

In 2009, Plaintiff Donald Durden sued Semafore Pharmaceuticals, Joseph Garlich, Christopher Garlich, and Park Funding, LLC, in Georgia state court. [Docket No. 1, Ex. A at 6.] Defendants removed to Georgia federal court on the basis of diversity jurisdiction, and the case was later transferred to this district for convenience. [Docket Nos. 1, 49–50.] Plaintiff now seeks leave to name as additional defendants Gerald Longa, John Sima, Dennis McKeever, Ronald Henriksen, and Elizabeth Lacy. [Docket No. 100.]

The district court and the parties must ensure complete diversity of citizenship to establish jurisdiction under 28 U.S.C. § 1332. *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 598–99 (7th Cir. 2002). Although Durden's proposed amended complaint asserts that "This Court has jurisdiction over the subject matter of this dispute," [Docket No. 100-1 at ¶ 12], it does not explain why this is so. As to Sima, Longa, Henriksen, and Lacy, Plaintiff alleges that they are Indiana residents, but he does not allege that they are Indiana citizens, as is necessary to establish diversity jurisdiction. *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("[C]itizenship is what matters. When the parties allege residence but not citizenship, the court must dismiss the suit."). And Plaintiff, a Georgia citizen [Docket No. 1 at ¶ 6], alleges that McKeever is a Georgia resident, which could destroy diversity jurisdiction if he is also a

Georgia citizen. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 753, 758 (7th Cir. 2009) ("Although federal jurisdiction provides a neutral forum for lawsuits between parties from different states, we interpret such jurisdiction narrowly and require *complete* diversity of citizenship to invoke it.").

Because it is unclear whether the Court would have subject matter jurisdiction over Plaintiff's proposed amended complaint, the Court denies Plaintiff's motion for leave to amend without prejudice. [Docket No. 100.] If Plaintiff wishes and is able to correct these jurisdictional deficiencies, he may file a supplemental motion for leave to amend with a proposed amended complaint within fourteen days.

Dated: 01/14/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

James F. Bennett
DOWD BENNETT, LLP
jbennett@dowdbennett.com

Megan S. Heinsz
DOWD BENNETT LLP
mheinsz@dowdbennett.com

Kurt W. Schuettinger
ADORNO & YOSS LLC
kschuettinger@adorno.com

Matthew D. Williams
Adorno & Yoss, LLC
mwilliams@adorno.com