UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD L. DURDEN, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>SEMAFORE PHARMACEUTICALS, INC., )<br>et al., )<br>    Defendants. ) | 1:10-cv-554-WTL-TAB |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**I.      Introduction**

Plaintiff seeks leave to amend his complaint to add new defendants and a new state law rescission claim. Because he has shown good cause for his untimely proposed amendment, and because none of his amendments are prejudicial or futile, the Court grants his motion to amend and his motion for leave to substitute a revised second amended complaint. [Docket Nos. 112, 117.]

**II.     Background**

In 2009, Plaintiff Donald Durden sued Semafore Pharmaceuticals, Joseph Garlich, Christopher Garlich, and Park Funding, LLC in Georgia state court. [Docket No. 1, Ex. A at 6.] Defendants removed the case to Georgia federal court on the basis of diversity jurisdiction, and the case was later transferred to this district for convenience. [Docket Nos. 1, 49–50.] On November 3, 2010, Plaintiff sought leave to name as additional defendants Gerald Longa, John Sima, Dennis McKeever, Ronald Henriksen, and Elizabeth Lacy. [Docket No. 100.] The Court denied Plaintiff's motion without prejudice because it was unclear whether it would have subject matter jurisdiction over Plaintiff's proposed amended complaint. [Docket No. 111.] The Court

concluded that "[i]f Plaintiff wishes and is able to correct these jurisdictional deficiencies, he may file a supplemental motion for leave to amend with a proposed amended complaint within fourteen days."

Fourteen days later, Plaintiff filed a motion for leave to add parties and file a second amended complaint. This motion sought to add Longa, Sima, Henriksen, and Lacy—but not McKeever—and also Barnes & Thornburg LLP, which had been mistakenly excluded "[d]ue to an inadvertent error." [Docket No. 113 at 2 n.1.] The proposed amended complaint also included a new state law rescission claim and separated out previously asserted claims for attorney's fees and punitive damages.

Defendants opposed Plaintiff's amendments entirely but specifically opposed addition of Barnes & Thornburg for jurisdictional reasons. Plaintiff conceded that Barnes & Thornburg was not a diverse party and moved for leave to substitute a revised second amended complaint omitting Barnes & Thornburg. [Docket No. 117.] Because both parties agree that adding Barnes & Thornburg would destroy diversity, the Court grants Plaintiff's motion for leave to substitute a revised second amended complaint, and the revised second amended complaint is the subject of this entry.[1]

---

[1]Plaintiff's proposed revised second amended complaint does not allege Plaintiff's citizenship. However, Plaintiff's state court complaint alleges that he is a citizen of Georgia. [Docket No. 1, Ex. A at ¶ 1.]

### III. Discussion

    *A.    Standard of review*

As a preliminary matter, the Court must determine the proper standard of review. Typically, Federal Rule of Civil Procedure 15 governs amendment of pleadings before trial, but after the Case Management Plan deadline for amending has passed, a party must also show good cause under Rule 16(b) for its failure to seek amendment earlier. *Shadeland Station Apartments I, LLC v. Realsource Brokerage Servs., L.C.*, No. 1:09-cv-629-WTL-TAB, 2011 WL 1769012, at *1 (S.D. Ind. May 5, 2011). In this case, some of Plaintiff's proposed amendments—adding Longa, Sima, Henriksen, and Lacy, and separating out already asserted claims for punitive damages and attorney's fees—were submitted before the CMP deadline, and Rule 15 applies. The proposed state law rescission claim, however, was not proposed until after the CMP deadline, so Plaintiff must first satisfy Rule 16(b) on that claim.[2]

    *B.    Good cause under Rule 16(b)*

"To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Good cause depends primarily on "the diligence of the party seeking amendment." *Id.*

The CMP deadline to amend pleadings was November 3, 2010, and Plaintiff filed his first motion for leave to amend on that date. [Docket Nos. 96, 100.] Subsequently, on November 22,

---

[2]Plaintiff points out that Rule 16(b) permits schedule modification "for good cause and with the judge's consent." Plaintiff argues that the Court's January 14, 2011, order provided the judge's consent. [Docket No. 119 at 7.] However, the Court consented only to supplementation of jurisdictional deficiencies, not addition of new counts.

2010, Judge Lawrence denied Plaintiff's motion for preliminary injunction and noted that "the parties' briefs lack sufficient discussion regarding the applicable law for the Court to determine whether Dr. Durden is likely to succeed in demonstrating that rescission of the written assignments is appropriate." [Docket No. 106 at 7.] Plaintiff argues that his belated state law rescission claim should be permitted because it responds to the Court's November 22 order. [Docket No. 119 at 8.]

Plaintiff was sufficiently diligent in bringing his rescission claim. As the Court's November 22 entry makes clear, Plaintiff had raised rescission prior to seeking leave to amend his complaint, even if he waited until January 28, 2011, to add it formally. Plaintiff has established good cause as required by Rule 16(b).

C. *Rule 15*

Rule 15(a)(2) provides that when a party can no longer amend as a matter of course, it may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The rule reflects a liberal attitude toward amendments, but "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

1. **Undue delay**

Defendants argue that Plaintiff unduly delayed in seeking leave to amend because he has known of the facts supporting his proposed amendments from the start of the case. But Plaintiff sought leave to add defendants within the CMP deadline and raised state law rescission within months of Judge Lawrence's order. Although Plaintiff could have been more efficient in

4

properly alleging jurisdiction, the resulting serial motions were not so unduly dilatory so as to preclude his amendments.

### 2. Undue prejudice

Defendants argue that they will be unduly prejudiced by Plaintiff's new counts because the case is over eighteen months old, and the parties have already engaged in extensive discovery, including the November 21 deposition of Plaintiff. Plaintiff responds that any prejudice is minimal because the case is still in the early stages.

Although Plaintiff's proposed amendments may inconvenience Defendants, they are not unduly prejudicial. To cure any potential minimal prejudice, Defendants may, at their option and cost, redepose Durden and—because the dispositive motion deadline recently passed—may file a supplemental summary judgment motion within 90 days of this order.

### 3. Futility

Finally, Defendants argue that Plaintiff's proposed amendments are futile. Futility at the amendment of pleadings stage is a high hurdle. *Schaefer-LaRose v. Eli Lilly & Co.*, No. 1:07-cv-1133-SEB-TAB, 2008 WL 746399, at *1 (S.D. Ind. Feb. 25, 2008). Proposed allegations are futile if they would fail to state a claim upon which relief could be granted. *Wallace v. Free Software Found., Inc.*, No. 1:05-cv-0618-JDT-TAB, 2006 WL 2038644, at *4 (S.D. Ind. Mar. 20, 2006). Both parties have made good faith arguments regarding the addition of parties, the separation of attorney's fees and punitive damages claims, and the state law rescission claim. Although Defendants' arguments regarding futility may "ultimately prove well taken, that decision is for another day; a potential weakness in a defense does not equate with futility." *Eli Lilly & Co. v. Wockhardt Ltd.*, No. 1:08-cv-1547-TWP-TAB, 2010 WL 5476743, at *2 (S.D.

5

Ind. Dec. 30, 2010).

## IV. Conclusion

Plaintiff's motion for leave to add parties and file a second amended complaint [Docket No. 112] and motion for leave to substitute a revised second amended complaint [Docket No. 117] are granted. The proposed amended complaint [Docket No. 117-1] shall be deemed filed as of the date of this order.

One final point warrants noting. Durden's proposed amended complaint continues to name John Does No. 1 through 20. Claims against the Doe Defendants are no longer proper at this stage. *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 640 (7th Cir. 2006) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."). The Court therefore strikes the John Doe Defendants, and the caption shall no longer refer to them. Any references in the complaint to John Does shall have no effect, and further filings in this proceeding shall not refer to John Does.

Dated: 05/25/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

James F. Bennett
DOWD BENNETT, LLP
jbennett@dowdbennett.com

Megan S. Heinsz
DOWD BENNETT LLP
mheinsz@dowdbennett.com

Matthew D. Williams
Adorno & Yoss, LLC
mwilliams@adorno.com