UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD L. DURDEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-0554-WTL-TAB |
| | ) | |
| SEMAFORE PHARMACEUTICALS, INC. | ) | |
| et al., | ) | |
|     Defendants. | ) | |
| | ) | |

**ORDER ON DEFENDANTS' MOTIONS TO DEFER DISCOVERY RESPONSES**

**I.    Introduction**

Plaintiff waited almost two years and up until the day before the close of discovery to serve any discovery. In the meantime, Defendants filed numerous dispositive motions, to which the Plaintiff responded. Defendants have now filed motions asking the Court to defer their obligation to respond to Plaintiff's discovery requests until the pending dispositive motions have been decided. [Docket Nos. 157, 159.] The Court finds Defendants' motions well taken and defers discovery pursuant to Defendants' requests.

**II.    Background**

This case was removed to this Court on October 2, 2009, based on diversity jurisdiction. [Docket No. 1.] On April 4, 2011, Defendants Semafore, Park Funding, Joseph Garlich, and Christopher Garlich moved for summary judgment. [Docket No. 124.] The Plaintiff requested and was granted two extensions of time to file a response. Plaintiff filed a response on May 26, 2011, without conducting any discovery [Docket No. 132], although Plaintiff's response does reference Plaintiff's desire to conduct discovery pursuant to Federal Rule of Civil Procedure

1

56(d). [*Id.*]

On August 23, 2011, Defendants Semafore, Park Funding, Joseph Garlich, and Christopher Garlich moved for summary judgment as to count five of Plaintiff's revised second amended complaint. [Docket No. 143.] After the second motion for summary judgment was filed, a summons was issued for additional Defendants [Docket No. 14], and on August 15, 2011, Sima, Longa, and Henriksen appeared as Defendants, and on September 1, 2011, Lacy appeared as a Defendant. [Docket Nos. 141, 142, 149.] On September 2, 2011, almost two years after the removal of this case, Plaintiff finally served discovery requests for the first time. [Docket Nos. 163, 164.] On September 13, 2011, Plaintiff filed a response in opposition to the second motion for summary judgment, again without the benefit of any discovery responses [Docket No. 155], and this time without any mention of a Rule 56(d) discovery request. On September 1, 2011, Defendant Lacy moved to dismiss the revised second complaint [Docket No. 149], and on September 9, 2011, Defendants Henriksen, Longa, and Sima also moved for dismissal. [Docket No. 151.] Plaintiff again responded to these dispositive motions without the benefit of discovery or making any requests for additional time for discovery. [Docket No. 153.]

Defendant Lacy moved to defer discovery responses on September 26, 2011, and the remaining Defendants moved to defer discovery responses on September 30, 2011. [Docket Nos. 157, 159.] Both motions request that the discovery responses be deferred until 30 days after there are decisions on all pending dispositive motions. [*Id.*] On October 26, 2011, the Court held a telephonic status conference [Docket No. 166] and all parties appeared by counsel and were given an opportunity to be heard on the motions to defer and other related matters.

### III. Discussion

Plaintiff's discovery requests are dilatory and inconsistent with the Case Management Plan. The CMP states that "discovery shall be completed by September 3, 2011." [Docket No. 88 at 7.] The CMP also states that "Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same." [*Id.* at 6 n.1.] Because Plaintiff waited two years and up to the day before the close of discovery to serve discovery requests, Plaintiff's discovery requests are untimely. Plaintiff did not seek leave of the Court to serve his belated requests.

Plaintiff argues that Defendants' discovery responses should not be deferred until after there are decisions on dispositive motions because (1) Plaintiff postponed serving discovery so that all discovery would be due at the same time and all discovery disputes would be presented to the Court in a single, unified presentation, and (2) Plaintiff requires additional discovery to respond to the pending summary judgment motions. [Docket Nos. 163, 164.] These explanations are inadequate. Plaintiff cannot simply ignore the discovery deadlines set forth in the CMP for the purported purpose of simplification. If Plaintiff anticipated the need to add new Defendants or alter discovery deadlines, Plaintiff should have requested that the CMP be amended. Additionally, Plaintiff could have timely served all discovery at the same time by using a subpoena to serve discovery on nonparties.

Plaintiff's claimed need for additional discovery to respond to summary judgment is also insufficient. Plaintiff responded to both motions for summary judgment and the motions to dismiss without the benefit of discovery. [Docket Nos. 132, 153, 155.] Only Plaintiff's response to the first motion for summary judgment [Docket No. 133] includes a reference to the need for

additional discovery. However, that request falls short of satisfying the requirements of Federal Rule of Civil Procedure 56(d). Rule 56(d) provides that when facts are unavailable to the nonmovant, the nonmovant must show by "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify opposition . . . ." Plaintiff's affidavit states that:

> I have not taken the deposition of Defendants and conducted extensive discovery because I am waiting for the Court to rule on my Motion for Leave to File a Second Amended Complaint. Thus, I have been unable to learn all the details regarding Defendants' failure to establish a Technology Incentive Program under the MOU and all the details regarding the transfer from Semafore to Park Funding, LLC. Once the Court rules on my Motion . . . . I plan to take the deposition of the Defendants and conduct further discovery.

[Docket No. 132, Ex. 1 at 4–5.] This statement is inadequate because the affidavit fails to show "(1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact." *Yessenow v. Hudson*, No. 2:08-cv-353, 2011 WL 3667488, at *3 (N.D. Ind. Aug. 22, 2011). Good cause has not been shown because even without a ruling on Plaintiff's motion to amend, nothing prevented Plaintiff from conducting discovery on nonparties by way of a subpoena, and Plaintiff could have asked deponents questions about claims raised in the proposed amended complaint. As noted previously, this action was removed to federal court on October 2, 2009, so Plaintiff could have initiated discovery soon thereafter. Instead, Plaintiff waited until May 26, 2011 [Docket No. 132] to request discovery. Plaintiff even requested two extensions of time to file a response to the first motion for summary judgment [Docket Nos. 128, 131], but failed to raise the need for discovery in those motions. Rather, Plaintiff waited almost two months after the initial summary judgment motion was filed to raise the issue. These delays are fatal to Plaintiff's opposition to Defendant's motion to defer discovery responses. *See, e.g., Hu v. Park Nat'l Bank*, 33 F. App'x

87, 89–90 (7th Cir. 2009) (affirming denial of Rule 56(d) motion because plaintiff "did nothing during discovery" and waited until two months after defendant moved for summary judgment before requesting additional discovery).

Even if good cause was shown, Plaintiff's request to discover information about the "Technology Incentive Program under the MOU and all the details regarding the transfer from Semafore to Park Funding, LLC" does not rise to the level of specificity that Rule 56(d) requires. [Docket No. 132, Ex. 1 at 4–5.] This is merely a blanket statement that makes no meaningful attempt to distinguish between relevant and irrelevant discovery. Plaintiff's affidavit also does not explain how the incentive program or transfer from Semafore would raise a genuine issue of material fact.

**IV.    Conclusion**

For these reasons, Defendants' motions to defer discovery responses [Docket Nos. 157, 159] are granted. Accordingly, Defendants' discovery responses are deferred until all dispositive motions have been resolved.[1] If any claims remain, counsel shall promptly confer as to whether the previously served discovery can be narrowed, and to set a reasonable deadline for discovery responses.

Dated:  11/03/2011

                                              Tim A. Baker
                                              United States Magistrate Judge
                                              Southern District of Indiana

---

[1] The dispositive motions include two motions for summary judgment [Docket Nos. 124, 143] and two motions to dismiss. [Docket Nos. 149, 151.]

Copies to:

James F. Bennett
DOWD BENNETT, LLP
jbennett@dowdbennett.com

Forrest Bowman Jr.
BOWMAN & BOWMAN
fobo@aol.com

Megan S. Heinsz
DOWD BENNETT LLP
mheinsz@dowdbennett.com

Matthew D. Williams
MATTHEW D. WILLIAMS & ASSOCIATES LLC
mwilliams@williamslegalsolutions.com